**Donald C. CHRISTMAN, Plaintiff-Appellant,**

v.

**Edward V. HANRAHAN et al., Defendants-Appellees.**

**No. 73–1414.**

United States Court of Appeals, Seventh Circuit.

Argued Feb. 20, 1974.

Decided July 18, 1974.

**66**

William J. Larned, Chicago, Ill., for plaintiff-appellant.

Richard L. Curry, Corp. Counsel, Robert R. Retke, Asst. Corp. Counsel, ·Bernard Carey, State's Atty., Fredric B. Weinstein, Asst. State's Atty., Chicago, Ill., for defendants-appellees.

Before CUMMINGS and STEVENS, Circuit Judges, and GRANT, Senior District Judge.*

STEVENS, Circuit Judge.

Evidence favorable to the accused was temporarily suppressed by the prosecution; before the trial ended, however, the evidence was revealed to the court and jury and an acquittal promptly ensued. The question presented on this appeal is whether the abortive misconduct by the prosecution gives rise to an action for damages under 42 U.S.C. § 1983. We hold that the district court properly sustained a motion to dismiss the complaint.

The complaint alleges that a storekeeper named Koppel was killed during an attempted robbery on November 6, 1970; the incident was witnessed by the victim's wife and also by a bystander. Four months later the plaintiff was arrested and charged with murder; at a police lineup Mrs. Koppel tentatively identified plaintiff as the killer. After leaving the station, however, she telephoned a police sergeant to state that she was not positive that plaintiff was the man who had shot her husband; this information was entered on a supplemental police report.

On April 10, 1971, plaintiff's trial on the murder charge commenced. After three days of trial, his attorney first learned of Mrs. Koppel's telephone call expressing doubt about her identification of plaintiff. The complaint alleges that, pursuant to a discovery motion, the police report had been produced in advance of trial, but that it had been deliberately altered to omit any reference to Mrs. Koppel's telephone call. Both the police and the prosecution are charged with complicity in the alteration and in the deliberate suppression of evidence.

When defense counsel learned of the theretofore concealed telephone call, the matter was brought to the attention of the court and the jury. It is fair to infer from the complaint that not only the call itself, but also the attempt to suppress information tending to impeach Mrs. Koppel's testimony, constituted evidence favorable to the defense. For after only 10 minutes of deliberation, the jury returned a verdict of not guilty.

The defendants in this action include both the police officers and the prosecutors who were responsible for the alleged

---

* Senior District Judge Robert A. Grant of the Northern District of Indiana is sitting by designation.

suppression of evidence. For purposes of our decision we, of course, accept the allegations as true and therefore start from the premise that defendants were guilty of serious misconduct. It does not necessarily follow that plaintiff was deprived of his constitutional right to a fair trial.

If evidence concerning the telephone call had been suppressed until after the trial was concluded, and if the jury had returned a guilty verdict, unquestionably plaintiff would have been deprived of his liberty without due process of law. Brady v. Maryland, 373 U.S. 83, 86–88, 83 S.Ct. 1194, 10 L.Ed.2d 215.' But plaintiff was not found guilty and the relevant evidence was brought out during the course of the trial. Therefore, even though we certainly do not condone the defendants' egregious misconduct, the trial itself, viewed as an entirety, was not fundamentally unfair.

In order to determine whether the complaint has alleged a deprivation of a federally protected right, it is necessary to identify the precise right that plaintiff seeks to vindicate. Two quite different theories must be considered. On the one hand, we might say that an accused person has a federal right to immediate disclosure, upon request, of material evidence favorable to his defense; any temporary failure to honor such a request, even if totally harmless, would violate that right. On the other hand, we might define the federal right at stake as the right to a fair trial and not regard the temporary withholding as of federal significance—regardless of its consequences as a basis for discipline as a matter of state law—unless it tainted the fairness of the criminal trial viewed as a whole.

Under the former view, the Due Process Clause would provide broad generalized protection against misdeeds by the police or prosecution; under the latter view, the mission of the clause would be avoidance of an unfair trial to the accused, and no violation would result unless the misconduct had some prejudicial impact on the defense.

As we read Brady v. Maryland, *supra*, the Court has directed us to take the latter view. The relevant issue in that case was whether the Due Process Clause was violated by the suppression of material evidence favorable to the accused notwithstanding the good faith of the prosecution. The Court held that it was stressing the paramount importance of the fairness of the trial as contrasted with the lesser significance of punishing the misdeeds of the prosecutor.

In his explanation of "what nondisclosure by a prosecutor violates due process," Mr. Justice Douglas, writing for the Court, first quoted from the seminal decision of Mooney v. Holohan:

> "It is a requirement that cannot be deemed to be satisfied by mere notice and hearing if a state has contrived a conviction through the pretense of a trial which in truth is but used as a means of depriving a defendant of liberty through a deliberate deception of court and jury by the presentation of testimony known to be perjured. Such a contrivance by a state to procure the conviction and imprisonment of a defendant is as inconsistent with the rudimentary demands of justice as is the obtaining of a like result by intimidation."

294 U.S. 103, 112, 55 S.Ct. 340, 342, 79 L.Ed. 791, quoted in 373 U.S. at 86, 83 S.Ct. at 1196.

After reviewing later cases in which it is fair to state that the entire proceedings were fundamentally unfair,[1] the Court stated its *Brady* holding in these terms:

> "We now hold that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment,

---

1. Pyle v. Kansas, 317 U.S. 213, 63 S.Ct. 177, 87 L.Ed. 214; Napue v. Illinois, 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217; Alcorta v. Texas, 355 U.S. 28, 78 S.Ct. 103, 2 L.Ed. 2d 9; Wilde v. Wyoming, 362 U.S. 607, 80 S.Ct. 900, 4 L.Ed.2d 985.

irrespective of the good faith or bad faith of the prosecution.

"The principle of Mooney v. Holohan is not punishment of society for misdeeds of a prosecutor but avoidance of an unfair trial to the accused. Society wins not only when the guilty are convicted but when criminal trials are fair; our system of the administration of justice suffers when any accused is treated unfairly."

373 U.S. at 87, 83 S.Ct. at 1197.

Although the final reference to any unfair treatment of an accused lends support to appellant's theory, the opinion as a whole, we believe, requires an appraisal of the fairness of the complete trial. The controlling principle is not punishment of society for the prosecutor's misdeed "but avoidance of an unfair trial to the accused." The *Brady* holding is expressly applicable only "where the evidence is material." If the *Brady* rule had been primarily intended to deter prosecutorial misconduct, rather than to insure fair trials, the materiality limitation would have been unnecessary. As the Court's recent opinion in Moore v. Illinois, 408 U.S. 786, 92 S.Ct. 2562, 33 L.Ed.2d 706, demonstrates, however, this limitation is of critical importance. For in that case there was almost no discussion of the need to deter prosecutorial misconduct; on the contrary, the careful and detailed analysis of the evidence was directed entirely to establishing a lack of materiality.

In this case, the defect in the trial proceedings related entirely to the timing of the disclosure of the information concerning Mrs. Koppel's telephone call. We may assume that the information was material as tending to impeach an important witness. Plaintiff and his counsel were, therefore, entitled to earlier access to that information; nevertheless, it is manifest that the timing of the disclosure did not prejudice the defense.[2] The delay, even though inexcusable, did not deprive the accused of due process of law.

Duncan v. Nelson, 466 F.2d 939 (7th Cir. 1972), which involved an unconstitutionally obtained confession, is consistent with our conclusion. Although the court held that a damage recovery could not be predicated on the use of the confession at trial (which led to an invalid conviction and incarceration), the plaintiff in *Duncan* was given an opportunity to prove that he suffered mental anguish and possible physical harm during the unlawful interrogation itself.[3] *Duncan* involved a violation of the constitutional privilege against self-incrimination rather than a violation of the right to a fair trial. Duncan's cause of action arose before his criminal trial had even started. In this case, however, our holding that the wrongful conduct of the police and

2. Although we think the timing of the disclosure probably benefited the defense by highlighting the prosecutorial misconduct, we do not rely on that assumption. The acquittal after only 10 minutes of deliberation does establish, however, that the delayed disclosure was not prejudicial. In this case, therefore, we have no occasion to consider either (1) whether a delayed disclosure might be sufficiently prejudicial to deprive an accused of a fair trial notwithstanding his acquittal, or (2) whether, if a conviction ensues, a delay might nevertheless be harmless because the disclosure was made in time to avoid any significant risk of prejudice.

3. "Although physical violence would ordinarily make damages greater and more easily ascertainable, we see no reason in either logic or experience to require the presence of physical violence as a necessary prerequisite to suit under § 1983. Moreover, there has been no finding by any court which would preclude plaintiff from his proof on the issue of physical violence. The Illinois Supreme Court simply found the confession involuntary absent the allegations of violence, and did not find it necessary to reach the issue of physical violence.

"Accordingly, the order of dismissal is reversed and the cause remanded for trial in accordance with our conclusion that while the plaintiff may not recover damages for his conviction and incarceration, he should be afforded an opportunity to present his proof concerning any harm which he allegedly suffered and which these defendants knew or should have known plaintiff would suffer as a result of the unlawful interrogation and confession." 466 F.2d at 945.

prosecution had no impact on plaintiff's federally protected right to a fair trial disposes of his claim.

 We therefore hold that the failure to allege any facts disclosing an impairment of plaintiff's right to a fair trial, or the impairment of any other federally protected right, is fatal to plaintiff's § 1983 claim.

Affirmed.