**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Mario MARRERO, Defendant-Appellant.**

No. 74–1177.

United States Court of Appeals, Seventh Circuit.

Argued Oct. 3, 1974.

Decided May 14, 1975.

Certiorari Denied Oct. 6, 1975.

See 96 S.Ct. 120.

Allan A. Ackerman, Tyce S. Smith, Chicago, Ill., for defendant-appellant.

James R. Thompson, U. S. Atty., Gary L. Starkman and Jeremy D. Margolis, Asst. U. S. Attys., Chicago, Ill., for plaintiff-appellee.

Before SWYGERT, Circuit Judge, LAY, Circuit Judge,* and GRANT, Senior District Judge.**

GRANT, Senior District Judge.

Appellant was convicted in the district court of conspiracy and three substantive counts of distributing narcotics, in violation of 21 U.S.C. §§ 846 and 841(a)(1). On his initial appeal, however, this Court reversed the conviction because of prejudicial testimony elicited in the court below in which appellant was characterized as being a "major narcotics violator." The cause was remanded to the district court, therefore, for a jury trial not "tainted by such inflammatory evidence" of appellant's evil character. On retrial, nevertheless, appellant was again convicted, and a sentence of six years was imposed. He has now instituted the present appeal.

The subject matter of the instant appeal concerns certain matters relating to the government's "star witness," a man named Ralph Amato. Mr. Amato, a government informer, testified against appellant at both trials, and it was his testimony which was most crucial to the government in securing appellant's ulti-

---

* Circuit Judge Donald P. Lay of the United States Court of Appeals for the Eighth Circuit at Omaha, Nebraska, is sitting by designation.

** Senior District Judge Robert A. Grant of the Northern District of Indiana is sitting by designation.

mate conviction. With respect to Amato's testimony, appellant enthusiastically contends that the prosecution allowed uncorrected matters relating to his testimony to remain before the jury and the court in the first trial. In particular, it is argued by appellant that neither the jury, defense counsel, nor the trial court in trial number one was informed that Amato had received $1,700.00 or that a federal charge against him had been dismissed in return for his cooperation. The government's use of Amato as a "contingent fee" informer, coupled with the prosecution's deliberate suppression of evidence relative thereto, argues appellant, amounted to nothing less than a deprivation of substantive due process. Appellant's position is culminated in the assertion that the failure to bring this necessary information concerning Amato to the attention of the jury during the first trial constituted conduct possibly preventing a verdict of acquittal and thus submitting him to double jeopardy. Appellant maintains, therefore, that the totality of governmental misconduct in prosecuting the instant case mandates a complete reversal of his conviction.

Appellee, on the other hand, argues that the record of the first trial does not support appellant's allegation of prosecutorial misconduct. In this regard, appellee claims that the record of the first trial establishes the truthfulness of Amato's denial that he had been promised rewards, remuneration, or other consideration for his testimony in the case. Appellee asserts, then, that there is nothing in the record which would indicate that bargains or any other secret arrangement had been made in order to obtain testimony from Amato.

In any event, appellee makes the further argument that even if the prosecutorial misconduct alleged herein did exist and remained undiscovered until the second trial, the proper remedy for the accused in such a situation would be a new trial, free of prejudice and the taint of impropriety; and since appellant has received the benefit of an error-free re-trial, argues appellee, he has been accorded the appropriate remedy. Therefore, appellee urges this Court to affirm the judgment of conviction in the court below.

We note at the outset the universally accepted principle that the prosecution in a criminal case has a constitutional duty to reveal evidence which might lead the jury to entertain a reasonable doubt about defendant's guilt. Levin v. Clark, 133 U.S.App.D.C. 6, 408 F.2d 1209, 1212 (1967). Although this undoubtedly imposes an obligation of candor on a prosecutor in dealing with a criminal accused, Jackson v. Wainwright, 390 F.2d 288, 289 (5th Cir. 1968), and deliberate deception of a court and jurors by the presentation of known false evidence will not be tolerated since it involves an affront to the rudimentary demands of justice, Giglio v. United States, 405 U.S. 150, 153, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972), it is also recognized that perfection in this regard cannot always be realistically expected. United States v. Polizzi, 500 F.2d 856, 892 (9th Cir. 1974). The controlling principle in relation to a case in which the prosecution has withheld evidence favorable to the defendant is not that society should be punished for the prosecutor's misdeed, but rather the avoidance of an unfair trial to the accused. Christman v. Hanrahan, 500 F.2d 65, 68 (7th Cir. 1974); United States v. DeLeo, 422 F.2d 487, 499 (1st Cir. 1970). Indeed, it has been held that a new trial is required where certain disclosures of evidence which the prosecution suppressed "could . . . in any reasonable likelihood have affected the judgment of the jury . . . ," Giglio, supra, 405 U.S. at 154, 92 S.Ct. at 766, or "could have induced a reasonable doubt in the minds of enough jurors to avoid a conviction." Grant v. Alldredge, 498 F.2d 376, 382 (2nd Cir. 1974).

Our impression, then, is that the test to be applied in cases wherein prosecutorial misconduct is alleged is simply whether the accused was insured

of and accorded the genuine fairness to which he was entitled during the progress of trial. Such an evaluation, as we stated in *Christman, supra,* 500 F.2d at 68, "requires an appraisal of the fairness of the complete trial." In the context of the instant appeal, we interpret this to mean that we must scrutinize the entire trial process—that is, the fairness or lack thereof in not one, but the two trials in which appellant was involved. If appellant was accorded a trial which was eminently fair and free from the taint of prosecutorial misconduct, then, as we interpret the applicable law, the test of fairness has been satisfied, and appellant's present appeal is without merit. If, on the other hand, any impropriety which is alleged to have existed in appellant's first trial remained without remedy, then we would be inclined to agree with appellant that his first conviction is rendered void.

In the instant case, although we are not prepared to say, on the basis of our careful review of the record, that the prosecution embarked upon a plan or scheme to deliberately withhold crucial information regarding witness Amato from the jury in appellant's first trial, nevertheless, we are impressed with appellant's argument that the failure of the prosecution to divulge such information, as inadvertent as that failure may have been, amounted to misconduct on the part of the prosecutor which might have voided appellant's first conviction. In this regard, we are inclined to align ourselves with the theory that the disclosure of such material information could arguably, at least, have "affected the judgment of the jury," *Giglio, supra,* in that it "could have induced a reasonable doubt in the minds of enough jurors to avoid a conviction." *Grant, supra.* Nevertheless, even if we were to assume that the existence of prosecutorial misconduct in appellant's first trial might have voided his first conviction, we still cannot ignore the fact that appellant did receive an error-free retrial on remand. Nowhere has it been alleged otherwise. As Associate Justice Clark (Retired) so

ably stated when this Court reversed appellant's initial conviction:

> . . . [W]e must reverse convictions tainted by clear error where there is significant possibility that the accused might have been acquitted in the absence of the error. United States v. Marrero, 486 F.2d 622, 627 (7th Cir. 1973).

Further, this Court continued and said that where such doubt is present, the question of the defendant's guilt or innocence is "for a jury in a trial not tainted by . . . inflammatory evidence." *Marrero, supra.*

██ We choose to adhere to the above-stated principle in the instant appeal since we find that it has particular application to, and defines the appropriate remedy in instances where, as here, the accused alleges prosecutorial misconduct at the trial stage. *Giglio, supra; Grant, supra.* Accordingly, despite the fact that the conduct of the prosecution in appellant's first trial may have constituted clear error as well as an impermissible taint on appellant's conviction and may, in fact, have voided that conviction had this Court considered the question in appellant's initial appeal, we now hold that such error, if any there be, was rectified when this Court reversed his conviction and remanded the cause for the fair trial to which he was entitled under *Giglio, supra.* Indeed, we note in any event that had this Court considered the issue of prosecutorial misconduct in appellant's first appeal, we have no doubt that the same result would have obtained, given our stated goal to avoid an unfair trial to the accused. *Christman, supra.* Finally, we are confident that the situation herein reviewed does not confront us with a double jeopardy question, as appellant would have us believe.

This Court, then, on the basis of the record and the particular circumstances presented in this appeal, rejects appellant's contention that he is entitled to an outright reversal of his conviction. The judgment of conviction in the court below, therefore, is hereby affirmed.