**Richard CARR, Plaintiff,**

v.

**CITY OF CHICAGO, Cook County, Corporation Counsel's Office, Cook County State's Attorney's Office, Palmer House Company, Raymond Sophie, Earl Grinberg, James Lindsey, Officer W. Polacek, Officer C. Burns, and unknown officers, prosecutors and civilians whose identities are presently unknown to plaintiff, all individually and in their official capacities, Defendants.**

No. 85 C 7610.

United States District Court,
N.D. Illinois, E.D.

Sept. 16, 1987.

Richard Carr, pro se.

Judson H. Miner, Corp. Counsel, City of Chicago, by Stanley J. Sacks, Asst. Corp. Counsel, Chicago, Ill., on behalf of defendants City of Chicago, Corp. Counsel's Office, Polacek, Burns, and Sophie.

Richard M. Daley, State's Atty. Cook County, by James D. Egan, Asst. State's Atty., Chicago, Ill., on behalf of defendants Cook County, Cook County State's Atty.'s Office, and Grinberg.

Thomas P. Mangan, Garbutt and Jacobson Assoc., Chicago, Ill., on behalf of defendants Palmer House Co. and Lindsey.

### ORDER

BUA, District Judge.

On January 14, 1983, while leaving a restaurant in the Palmer House Hotel in

Chicago, plaintiff was arrested and charged with disorderly conduct. In connection with his arrest and subsequent prosecution, plaintiff asserts several claims, including false arrest, malicious prosecution, and violation of his civil rights under 42 U.S.C. § 1983. Three of the named defendants—Cook County, the State's Attorney's Office, and Raymond Sophie, Assistant Corporation Counsel of the City of Chicago—have moved to dismiss plaintiff's claims against them. This court now grants these defendants' motions to dismiss.

■ Plaintiff has raised a § 1983 claim against each of the three defendants. In each case, the claim must fail. In naming Cook County as a defendant, plaintiff cannot base his claim on a theory of respondeat superior. Rather, plaintiff must establish that the alleged § 1983 violation arose from implementation of the county's own policy or custom. *See Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Plaintiff's complaint never identifies such a policy or custom; it merely asserts an unspecified link between the County and the actions of the State's Attorney's Office. This court has previously recognized that the County has no control over the State's Attorney's prosecutorial policy. *Stokes v. City of Chicago*, 660 F.Supp. 1459 (N.D.Ill. 1987); *see also Jones v. City of Chicago*, 639 F.Supp. 146 (N.D.Ill.1986). Because Cook County plays no role in setting policy for the State's Attorney's Office, the County cannot be held liable under § 1983 for any misconduct by the State's Attorney.

■ Moreover, even if some misconduct occurred during the prosecution of plaintiff, he cannot prevail in a § 1983 action against either the State's Attorney's Office or Raymond Sophie. In *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976), the United States Supreme Court declared that a prosecutor enjoys absolute immunity from suit under § 1983 for alleged injuries resulting from the performance of his judicial function. The absolute prosecutorial immunity recognized by *Imbler* applies in this case to both the State's Attorney's Office and Sophie. Plaintiff correctly asserts that a prosecutor receives only qualified immunity when he engages in conduct outside the scope of his judicial function, such as administrative or investigative activities. *See Henderson v. Lopez*, 790 F.2d 44 (7th Cir.1986). In this case, however, plaintiff's claims against both the State's Attorney and Sophie stem solely from the defendants' performance of their prosecutorial duties. Consequently, these defendants are absolutely immune from suit under § 1983.

This absolute prosecutorial immunity also extends to plaintiff's state law claims of malicious prosecution. At common law, prosecutors have long received absolute immunity from tort liability for malicious prosecution. *Imbler*, 424 U.S. at 421–24, 96 S.Ct. at 990–92. In this case, therefore, the three defendants who have moved to dismiss are immune from suit under state law as well as federal law.

For the foregoing reasons, defendants' motions to dismiss are granted.

IT IS SO ORDERED.