**Sherry Ann PRYOR, Plaintiff,**

v.

**Jesse CAJDA, Richard J. Rowan and Rocco Vertigo, Defendants.**

No. 86 C 8593.

United States District Court,
N.D. Illinois, E.D.

March 23, 1987.

Patrick A. Tuite, Brent D. Stratton, Chicago, Ill., for plaintiff.

Evan C. Canter, Asst. Corp. Counsel, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

On April 26, 1986, Chicago police officers Jesse Cajda and Richard J. Rowan arrested Sherry Pryor when she allegedly moved her illegally parked automobile. Rocco Vertigo, either directly or indirectly a city employee, was also present at the time of the arrest. Pryor was charged with one count of resisting or obstructing a peace officer, a charge subsequently dismissed. She then filed this suit against Cajda, Rowan and Vertigo ("defendants") seeking relief under 42 U.S.C. § 1983 (1982),[1] alleging numerous violations of her constitutional rights by the defendants acting under color of state law, along with two counts requesting relief under state tort law. The defendants moved to dismiss the complaint for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). For the reasons stated below, that motion is granted in part and denied in part.

### FACTUAL BACKGROUND [2]

Pryor alleges that on April 26, 1986, at about 10:30 p.m. she arrived at her parked car and found defendants in the process of towing a nearby car which was illegally parked. After asking the defendants whether she could move her car, which had not yet been ticketed, Pryor was ordered not to do so because the defendants intended to impound it. Despite these warnings, Pryor drove away in her car, but the defendants quickly stopped and arrested her.[3] In the course of the arrest, the defendants physically and verbally abused Pryor and discarded her personal property including some prescription medication. They took Pryor to a police station, continuing to abuse her and denying or ignoring her repeated requests to use toilet facilities to relieve pain she was suffering. They then transferred her to another police station, where the same type of abuse continued. Pryor was released seven hours later after being charged with resisting or obstructing a peace officer. A Cook County Circuit Court eventually dismissed the charge against Pryor for failure to charge an offense. Pryor alleges that she was hospitalized as a result of the defendants' abusive conduct. When she recovered her car, which had been impounded following her arrest, it was damaged and inoperable.

## THE COMPLAINT

Rather than pleading each alleged constitutional deprivation as a separate count, as is the appropriate procedure, Fed. R.Civ.P. 10(b), Pryor broadly alleges in Count I that by arresting her without probable cause, unlawfully restraining her, using excessive force in the course of the arrest, punishing her without due process and maliciously prosecuting her, the defendants have violated Pryor's First, Fourth, Fifth and Fourteenth Amendment rights. There is also one specific allegation that Pryor was deprived of her liberty and punished without due process of law in

---

1. That provision states in part:

   Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

2. In reviewing the defendants' motion to dismiss, this Court must view the well-pleaded factual allegations in Pryor's complaint and all reasonable inferences therefrom as true. *Wolfolk v. Rivera*, 729 F.2d 1114, 1116 (7th Cir. 1984).

3. Although the complaint broadly alleges that the "defendants" conducted all of the alleged activities, Vertigo's role in this incident is unclear. There is no allegation, for example, that Vertigo was a police officer or that he had the power to make an arrest. Nevertheless, we assume for the purposes of this motion that all defendants participated in all activities alleged by Pryor to have been conducted by the "defendants."

violation of the Fourth Amendment (although this allegation appears to implicate the Fourteenth Amendment directly).

We do not condone this form of muddled pleading. Nevertheless, the defendants' various attacks cannot succeed unless it appears beyond doubt that Pryor can prove no set of facts in support of her claim which would entitle her to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2233, 81 L.Ed.2d 59 (1984); *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). These facts need not be set out in detail, but must at least outline a cause of action. *Ellsworth v. City of Racine*, 774 F.2d 182, 184 (7th Cir.1985), *cert. denied*, — U.S. —, 106 S.Ct. 1265, 89 L.Ed.2d 574 (1986). An essential element of any § 1983 claim is that the defendants, acting under color of state law, deprived the plaintiff of a right, privilege or immunity secured by the Constitution or laws of the United States. *Id.* Accordingly, the inquiry here must focus on whether the facts alleged sketch the outline of such a deprivation.

## DISCUSSION

Defendants move to dismiss several of Pryor's constitutional claims, and we can dispose of some of these without much discussion.

Although Pryor numbers the First Amendment among the rights which were violated by the defendants, she alleges absolutely no supporting facts which would suggest that her arrest was in response to the exercise of protected speech rights or that she has been deprived of her right to petition the government for redress of grievances. Thus, we dismiss this aspect of Pryor's § 1983 claim.

Furthermore, Pryor's claim of deprivation under the Fifth Amendment is misplaced. It is clear from the face of the complaint that her primary concern is the alleged deprivation of liberty and property without due process, a right secured directly by the Fourteenth Amendment where state officials are involved. Although certain aspects of the Fifth Amendment are applicable to the states through the Four-

teenth Amendment, the latter has its own due process component which eliminates the necessity of employing the incorporation doctrine in this case. Accordingly, the defendants' motion to dismiss the Fifth Amendment aspect of Pryor's complaint is allowed. However, this dismissal has no bearing on any Fourteenth Amendment due process claims Pryor may have.

■ Defendants also seek dismissal of the conspiracy aspect of Pryor's complaint. A conspiracy is not a necessary element of a § 1983 claim, *Goldschmidt v. Patchett*, 686 F.2d 582, 585 (7th Cir.1982), although proof of a civil conspiracy may broaden the scope of liability under § 1983 to include individuals who were part of such conspiracy but did not act directly to deprive a plaintiff's rights. *See Hostrop v. Board of Junior College Dist. No. 515*, 523 F.2d 569, 576 (7th Cir.1975), *cert. denied*, 425 U.S. 963, 96 S.Ct. 1748, 48 L.Ed.2d 208 (1976). Presumably, Pryor included a conspiracy allegation to pull Vertigo into the suit even if Vertigo did not participate in certain elements of the arrest which Cajda and Rowan executed.

■ Pryor's only direct allegations of conspiracy are in ¶ 23 of her complaint, which states: "At all material times the defendants acted as conspirators with each other and aiders and abettors of the other's wrongful acts." A properly pled civil conspiracy claim in a civil rights action must include factual allegations showing a meeting of the minds concerning unconstitutional conduct. *Goldschmidt*, 686 F.2d at 585. Although an express agreement between the purported conspirators need not be alleged, there must be something more than the summary allegation of a conspiracy before such a claim can withstand a motion to dismiss. The complaint in the present case falls somewhat short of this pleading requirement. However, since it is not clear that Pryor cannot cure these deficiencies, we dismiss this aspect of her complaint with leave to amend within ten days of this order.

■ The next aspect of the complaint which falls under attack is Pryor's claim

that she was deprived of her property (her automobile) without due process of law. Demonstrating their fundamental misunderstanding of procedural due process law, the defendants contend that Pryor cannot seek relief for a deprivation of property without due process unless her allegations show that she has *exhausted* available state post-deprivation remedies. The defendants confuse the doctrine of "exhaustion of state remedies" with the rule that where the defendants are not acting pursuant to an established state procedure, a procedural due process claim does not lie if the plaintiff may receive adequate relief for her deprivation through a state post-deprivation remedy. *Parratt v. Taylor*, 451 U.S. 527, 543–44, 101 S.Ct. 1908, 1917, 68 L.Ed.2d 420 (1981), *overruled in part on other grounds, Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986). Exhaustion of state remedies is a condition precedent to certain federal actions, but with exceptions not relevant here, exhaustion is not required in § 1983 suits. *Patsy v. Board of Regents of Florida*, 457 U.S. 496, 516, 102 S.Ct. 2557, 2568, 73 L.Ed.2d 172 (1982).

■ Nonetheless, as the absence of an adequate state remedy is considered to be an element of a procedural due process claim, a civil rights plaintiff must allege that there is not an available state remedy to compensate her for the alleged deprivation in order to state a claim. *See, e.g., Papapetropoulous v. Milwaukee Transport Services, Inc.*, 795 F.2d 591, 594, (7th Cir.1986) (citing district court's dismissal of § 1983 action). Thus, we must dismiss Pryor's procedural due process claim as it relates to the taking of her car, although we grant leave to amend her complaint with appropriate allegations regarding the absence of an adequate state remedy.

Pryor also alleges that the defendants' use of excessive force during her arrest deprived her of her Fourth Amendment right to be free from unreasonable seizures (as applied to the states through the Four-

teenth Amendment) and her Fourteenth Amendment protection against deprivation of liberty without due process.[4]

■ With respect to the Fourteenth Amendment claim, the defendants argue for dismissal under the standard of *Gumz v. Morrissette*, 772 F.2d 1395 (7th Cir.1985), *cert. denied,* —— U.S. ——, 106 S.Ct. 1644, 90 L.Ed.2d 189 (1986). In *Gumz,* the Seventh Circuit held that the use of force by a state officer constitutes a Fourteenth Amendment violation actionable under § 1983 if such force: (1) causes severe injuries; (2) was grossly disproportionate to the need for action under the circumstances; and (3) was inspired by malice rather than mere careless or unwise excess of zeal so that it amounted to an abuse of official power that shocks the conscience. *Id.* at 1400. At the heart of this test is the distinction between actions by a state officer which would be remediable under state tort law and actions which so "shock the conscience of the court" that they rise to the level of a constitutional violation. *Id.* Read liberally and with all reasonable inferences drawn in the light most favorable to Pryor, the complaint appears to satisfy the first two parts of the test. Pryor's allegations that she suffered injuries at the hands of the defendants serious enough to require hospitalization are probably sufficient to plead that the defendants' actions caused "severe injuries." Furthermore, Pryor's description of the events during her arrest suggest that she did not use force herself or attempt to physically resist arrest after she was stopped. In conjunction with the allegations of defendants' physical abuse during the arrest, this part of the complaint appears to satisfy the disproportionality requirement. Nevertheless, Pryor failed to allege that the defendants' conduct was inspired by malice, nor are there enough facts here to infer malicious intent. These omissions are fatal to this aspect of her complaint, and we dismiss without prejudice her Fourteenth Amendment claim as it relates to excessive force.

---

**4.** Although, as with her other constitutional claims, Pryor does not specifically detail this aspect of her complaint, it is reasonable to infer the implication of these constitutional provisions from the facts alleged.

The law regarding excessive force in violation of the Fourth Amendment is not well developed. It is clear, at least, that excessive use of force in the course of an arrest may violate the provisions of the Fourth Amendment if the force used in the "seizure" was unreasonable. *Tennessee v. Garner*, 471 U.S. 1, 11, 105 S.Ct. 1694, 1701, 85 L.Ed.2d 1 (1985) (use of deadly force to "seize" suspect unconstitutional if no probable cause to believe suspect poses threat of serious physical harm). In *Gumz*, the Seventh Circuit avoided the issue of what distinguishes an excessive force claim directly under the Fourteenth Amendment from one brought under the Fourth Amendment. 772 F.2d at 1399 n. 3. Although other courts have employed analyses similar to the *Gumz* test in Fourth Amendment excessive force cases, *see, e.g., Jamieson v. Shaw*, 772 F.2d 1205, 1210 & n. 7 (5th Cir.1985), at least one judge on the Seventh Circuit has suggested that the defendants' motive or malice is an inappropriate inquiry under the Fourth Amendment. *Gumz*, 772 F.2d at 1404 (Easterbrook, J., concurring).[5] Because the standard is unclear, however, we grant the defendants' motion to dismiss the Fourth Amendment excessive force claim without prejudice. Thus, we wipe the slate clean and allow Pryor ten days from the date of this order to amend her complaint to clarify and properly plead the constitutional violations arising from the defendants' alleged use of excessive force.

■ Defendants requested this Court to dismiss all allegations regarding verbal abuse in Pryor's complaint. Although some courts have held that verbal abuse alone is not sufficient to rise to the level of a constitutional deprivation, *Keyes v. City of Albany*, 594 F.Supp. 1147, 1155 (N.D.N.Y.1984), there is no reason to strike these factual allegations at this time. Even if they do not independently state a claim, those allegations may later become relevant to any damage claims Pryor may have, and there is no reason to excise them from the complaint.

■ The defendants' final attack on the substantive elements of Pryor's complaint is based on the claim that malicious prosecution is not actionable under § 1983. It is true as a general proposition that a claim for malicious prosecution is insufficient to state a § 1983 claim unless the corresponding factual circumstances clearly implicate the deprivation of a constitutionally-protected right. *Antonelli v. Burnham*, 582 F.Supp. 1067, 1071 (N.D.Ill.1984); *see also Hampton v. Hanrahan*, 600 F.2d 600, 630 (7th Cir.1979), *rev'd in part on other grounds*, 446 U.S. 754, 100 S.Ct. 1987, 64 L.Ed.2d 670 (1980). Unlike the case in *Friedman v. Village of Skokie*, 763 F.2d 236, 239 (7th Cir.1985), on which defendants rest, Pryor's malicious prosecution claims are intertwined with elements of an arrest without probable cause followed by use of excessive force and a fairly extensive detention. Because these elements all implicate the deprivation of constitutional rights, we deny defendants' motion to dismiss the malicious prosecution aspect of Pryor's § 1983 complaint.

Finally, since defendants have not contested the sufficiency of Pryor's allegations regarding her unlawful arrest without probable cause in violation of the Fourth Amendment, we need not address that aspect of the complaint.[6]

## CONCLUSION

Defendants' motion to dismiss Pryor's § 1983 claims predicated on violation of her First and Fifth Amendment rights is granted. The conspiracy element of Pryor's § 1983 claim, the procedural due process claim regarding deprivation of property

---

5. Indeed, Judge Easterbrook would frame all excessive force claims *solely* in terms of the Fourth Amendment.

6. Because several of Pryor's underlying constitutional claims have survived the defendants' motion to dismiss and those claims arise from the same facts as the pendent state claims, we deny the defendants' motion to dismiss the pendent claims in Counts II and III. Furthermore, Pryor has represented that she has duly complied with the notice provisions of the Illinois Local Governmental and Governmental Employees Tort Immunity Act, Ill.Rev.Stat., ch. 85, ¶¶ 8–101–8–103 (1985).

and the excessive force claims are all dismissed with leave to amend within ten days of this order. The allegations of verbal abuse and malicious prosecution may stand, as may the claim for an arrest without probable cause in violation of the Fourth Amendment. It is so ordered.[7]

---

7. If plaintiff amends her complaint as permitted by this opinion, we trust she will draft her new complaint with care and precision. Claims in any new complaint which must be dismissed because they are pled improperly will be dismissed with prejudice.