Michael **GREEN**, Plaintiff,

v.

Frank **SAENZ**, Carson **Earnest**, Henry **Gralak**, Steven **Machain**, and The City of Chicago, Defendants.

No. 89 C 8666.

United States District Court, N.D. Illinois, E.D.

June 15, 1992.

Peter A. Cantwell, Cantwell & Cantwell, Chicago, IL, for plaintiff.

James Patrick McCarthy, Kelly Raymond Welsh, Taryn Springs, Thaddeus S. Machnik, City of Chicago, Law Dept., Corp. Counsel, Chicago, IL, for defendants.

1. This court's order of June 9, 1992, permitting Green to file a second amended complaint does not effect the individual defendants' instant motion. For simplicity's sake, we will address the version of the complaint discussed by the parties in the motion to strike or dismiss—that is, the first amended complaint.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Individual defendants Frank Saenz, Carson Earnest, Henry Gralak, and Steven Machain (collectively, "individual defendants") have moved to dismiss or strike portions of plaintiff Michael Green's first amended complaint.[1] As noted below, we grant the motion in part, and deny it in part.

Green's first amended complaint has six counts, all alleged pursuant to 42 U.S.C. § 1983 (1988). Count I maintains that the individual defendants violated the Fourth and Fourteenth Amendments through acts of assault and battery and use of excessive force. Count II asserts that Saenz and Earnest violated the Fourth and Fourteenth Amendments by falsely arresting Green. Count III avers that Saenz and Earnest, in contravention of the Fourth, Fifth, and Fourteenth Amendments, falsely imprisoned Green. Count IV charges malicious prosecution against the individual defendants, infringing Green's Fourth, Fifth, Sixth, and Fourteenth Amendment rights. Finally, Count V claims that the individual defendants conspired together to maliciously prosecute Green.[2]

Two arguments made by the individual defendants are conceded by Green. Accordingly, we strike from ¶¶ 2–5 of the first amended complaint the phrase "as well as official," leaving the relevant section of each paragraph as follows: "who is sued in his individual capacity." *E.g.,* First Amended Complaint ¶ 2. We also strike all reference to a Fifth Amendment basis for Green's claims in Counts III and IV.

■ The individual defendants ask that ¶¶ 22–33 of the first amended complaint be struck. Those paragraphs purport to describe how the individual defendants falsely testified at Green's state court criminal trial, and the events culminating in a mis-

2. The sixth and final count is a § 1983 claim against the City of Chicago for failure to discipline and control use of excessive force, and for deliberate indifference.

trial of that case. The individual defendants contend first that, as police officers testifying under oath at trial, they are absolutely immune from § 1983 liability, citing *Briscoe v. LaHue*, 460 U.S. 325, 339–42, 103 S.Ct. 1108, 1118–19, 75 L.Ed.2d 96 (1983).

In *Briscoe*, the Supreme Court decided that § 1983 does not create a damage remedy against police officers for their in-court testimony as witnesses. Put another way, the Court determined that testifying police officers enjoy an absolute immunity from subsequent civil liability even if those officers lie under oath at the underlying criminal trial. *Id.*

*Briscoe* does not generally foreclose bringing a § 1983 claim for malicious prosecution, however. Clearly, such a claim is proper in the right factual situation. *See Inada v. Sullivan*, 523 F.2d 485, 488 (7th Cir.1975) (allegation that police officer arrested plaintiff without reason or probable cause and had plaintiff's properly parked car towed without legal justification "would state claims for which relief could be granted under ... § 1983") (citations omitted); *see also Brummett v. Camble*, 946 F.2d 1178, 1180 n. 2 (5th Cir.1991) ("malicious prosecution violates § 1983," citing *Inada* and cases from First, Second, Third, and Fourth Circuits), *cert. denied,* —— U.S. ——, 112 S.Ct. 2323, 119 L.Ed.2d 241 (1992).

■ Moreover, there is no absolute immunity for a police officer who "play[s] a role in initiating a prosecution," a part that must be differentiated from that played by an officer "whose role was limited to providing testimony." *White v. Frank*, 855 F.2d 956, 958–59 (2d Cir.1988). An officer in the former role is akin to a complaining

witness, and "complaining witnesses were not absolutely immune at common law." *Malley v. Briggs*, 475 U.S. 335, 340, 106 S.Ct. 1092, 1096, 89 L.Ed.2d 271 (1986). This distinction between a testifying witness and a complaining witness is critical:

> The Supreme Court, recognizing that the common law did not extend immunity to "complaining witnesses," *Malley v. Briggs, supra,* ..., has denied immunity to police officers sued under section 1983 for wrongfully initiating the criminal process by applying for arrest warrants. The absence of immunity for such action stands in marked contrast to the availability of immunity where liability is asserted solely because of an officer's role in testifying at a judicial proceeding. Thus, immunity has been recognized against a section 1983 suit based on an officer's trial testimony, *Briscoe v. LaHue, supra....*
>
> ... Where, however, the constitutional tort is the action of a police officer in initiating a baseless prosecution, his role as a "complaining witness" renders him liable to the victim under section 1983, just as it did at common law, and the fact that his testimony at a judicial proceeding may have been the means by which he initiated the prosecution does not permit him to transpose the immunity available for defamation as a defense to malicious prosecution.

*White*, 855 F.2d at 961.

We do not read ¶¶ 22–33 of Green's first amended complaint to set forth the kind of claim prohibited by *Briscoe v. LaHue*. In fact, ¶¶ 8–36 are Green's "statement of facts," and are not cited as the sole basis for any one of the six counts propounded in the pleading.[3] Because absolute immunity

---

**3.** The individual defendants argue elsewhere that Green's incorporation of the factual paragraphs, ¶¶ 8–36, in each count of the first amended complaint is "[in]comprehensible" and violative of Federal Rules of Civil Procedure 8 and 10(b). We disagree. As Green points out, "the individual deprivations are segregated into separate counts, and the defense is put on obvious notice of the nature of the claims made." Response at 8. In that same vein, Rule 8(a) requires only a "short and plain statement of the claim"; Rule 8(e) iterates that "[n]o technical

forms of pleading or motions are required." The individual defendants also specifically claim that ¶ 39 in Count I alleges some kind of different or additional wrong allegedly committed by Gralak and Machain, at least as compared to ¶ 38. In addition to the procedural observations above, we note (as does Green) that Rule 8(e)(2) permits "two or more statements of a claim ... alternately or hypothetically, either in one count or ... in separate counts...." Finally, Green has not violated Rule 10(b)'s form requirements, which mandate

is available "only where the constitutional tort is simply giving false testimony," *White*, 855 F.2d at 961, and here Green alleges that the individual defendants, to varying degrees, "initiated a baseless prosecution," *id.*, we see no reason to strike ¶¶ 22–33 of the first amended complaint. These allegations support Green's version of the events underlying his various claims.[4]

■ The individual defendants also contend that Green's allegations in Counts I–III "for violations of his fourteenth amendment due process rights must be dismissed for failure to state a claim because claims of excessive force, false arrest and false imprisonment are governed *solely* by the fourth amendment as incorporated into the due process clause of the fourteenth amendment." Memo at 7–8 (emphasis added). Following *Graham v. Connor*, 490 U.S. 386, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989), it is clear that an excessive force claim, at least, is "properly analyzed under the Fourth Amendment's 'objective reasonableness' standard, rather than under a substantive due process standard." *Id.* at 388, 109 S.Ct. at 1867; *see also id.* at 395, 109 S.Ct. at 1871 ("*all* claims that law enforcement officers have used excessive force—deadly or not—in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment") (emphasis in original); Sheldon H. Nahmod, *Civil Rights and Civil Liberties Litigation: The Law of Section 1983* § 3.04, at 149–55 (3d ed. 1991) [hereinafter *The Law of Section 1983*]. By extension, Green's false arrest

and false imprisonment claims would also seem to belong in a Fourth Amendment context. *The Law of Section 1983* § 3.02, at 136 (discussing *Monroe v. Pape*, 221 F.Supp. 635 (N.D.Ill.1963), noting that plaintiff's interests properly characterized as Fourth Amendment, not Fourteenth Amendment, interests). Accordingly, we strike Green's Fourteenth Amendment claims in Counts I–III, insofar as he seeks to assert a separate and distinct Fourteenth Amendment claim in those counts.

■ Without citing to any authority, the individual defendants contend that "[t]here is no separate claim for false imprisonment under § 1983," and therefore Count III (false imprisonment) should either be stricken entirely or merged into Count II (false arrest). Response at 9. This argument flies in the face of numerous Seventh Circuit cases noting the existence of a § 1983 claim for both false arrest and false imprisonment. *See Terket v. Lund*, 623 F.2d 29, 31 (7th Cir.1980) ("[c]onstrued liberally, [plaintiff]'s § 1983 complaint alleges a deprivation of liberty without due process through unlawful arrest, false imprisonment, and malicious prosecution"); *see also Schertz v. Waupaca County*, 875 F.2d 578, 582 (7th Cir.1989) ("the existence of probable cause for arrest is an absolute bar to a Section 1983 claim for unlawful arrest, false imprisonment, or malicious prosecution"); *Mark v. Furay*, 769 F.2d 1266, 1269 (7th Cir.1985) (same). Unsupported assertions of law are seldom persuasive, and plaintiffs' bald conclusion in this area is no exception.[5]

that "as far as practicable," all averments "shall be limited ... to a statement of a single set of circumstances[.]" Green's complaint, either referring generally to ¶¶ 8–36, or specifically to ¶ 39, is satisfactory under Rules 8 and 10.

4. In their reply, the individual defendants contend that Green "concedes" the inapplicability of ¶¶ 22–33 to Counts I–III. This argument suggests that the individual defendants did not carefully read Green's response, in which he asserts that his

causes of action do not arise from the Individual Defendants' perjured testimony given at his criminal trial, or even the violation of the sequestration order. Instead, Plaintiff asserts claims based on Defendants' acts of assault

and battery and use of excessive force (Count I), false arrest (Count II), false imprisonment (Count III), malicious prosecution (Count IV) and conspiracy to maliciously prosecute (Count V). The allegations contained in paragraphs 22 through 33 of the Amended Complaint are therefore allegations of specific fact supporting Green's causes of action, but are *not* the sole basis of the action itself. Response at 1–2 (emphasis in original).

5. The individual defendants' performance does not excuse Green's failure to address the argument in his response, if only to point out its complete lack of merit.

**802**

More compelling is the individual defendants' argument that Green's Sixth Amendment claims in Counts IV and V must be struck because there can be no cause of action for an "unfair" trial where, ultimately, a mistrial was declared and the State's Attorney eventually dropped the charges entirely. *See Jones v. City of Chicago*, 639 F.Supp. 146, 151 (N.D.Ill.1986). Green does not so much dispute *Jones* as suggest that the individual defendants' acts here are much more pernicious. Be that as it may, the fact remains that, as in *Jones*, "[a] mistrial was declared and the prosecutors dropped the charges against plaintiff. No cause of action exists under § 1983 for violation of [plaintiff]'s Sixth Amendment rights." *Id.*

Finally, there can be little doubt that Green has adequately—at least for the present purposes, in a motion to dismiss context—alleged a conspiracy in Count V. Green has indeed averred that two or more persons combined to accomplish by concerted action certain, in this case, allegedly unlawful purposes. *Hickombottom v. City of Chicago*, 739 F.Supp. 1173, 1181 (N.D.Ill. 1990); *see also Scherer v. Balkema*, 840 F.2d 437 (7th Cir.), *cert. denied*, 486 U.S. 1043, 108 S.Ct. 2035, 100 L.Ed.2d 620 (1988). That is sufficient to withstand the instant motion.

To recap: The individual defendants' motion to dismiss or strike is allowed in part. ¶¶ 2–5 of the first amended complaint are stricken, as is any reference to the Fifth Amendment in Counts III and IV. We further strike references to the Fourteenth Amendment in Counts I–III, insofar as a separate and distinct Fourteenth Amendment claim is being asserted in those counts. We also strike any mention of the Sixth Amendment in Counts IV and V.

The motion to dismiss or strike is otherwise denied. It is so ordered.