**Bruce CRUZ, a minor by his mother and next friend, Gladys Torres, Plaintiffs,**

v.

**Nicholas STASINOPOULOS, individually, and Lester Rumowski, individually, Defendants.**

No. 93 C 6286.

United States District Court, N.D. Illinois, E.D.

Feb. 11, 1994.

George Edward Weaver and Robert C. Gislason, Law Office of George E. Weaver, Chicago, IL, for plaintiffs.

Robert W. Barber, John F. McGuire, and Mary Margaret Murray, Corp. Counsel, City of Chicago Law Dept., Chicago, IL, for defendants.

## MEMORANDUM OPINION AND ORDER

ZAGEL, District Judge.

Lester Rumowski and Nicholas Stasinopoulos are police officers who, it is alleged, falsely arrested and maliciously prosecuted Bruce Cruz as well as using excessive force against him. Three counts allege these acts as violation of federal civil rights laws and three counts allege them again as violations of state law. The defendants will answer all but one count. They ask dismissal of the federal law claim of malicious prosecution.

It is sometimes difficult to understand why the malicious prosecution issue is debated at all in cases like this. Cruz says he was put unlawfully into a squad car, driven away, beaten and detained at the police station. Every one of these acts is compensable under federal and state law governing arrest and the use of force. And there is a state law claim for malicious prosecution so the scope of evidence will be the same with or without the federal claim. Or, more to the point, plaintiff will be able to tell the jury that he was not convicted of the charge against him. What benefit is there to plaintiff or detriment to defendant about this federal malicious prosecution claim? I can think of only one. One element of damage in malicious prosecution may be fees paid to defendant counsel that would not be part of a false arrest or excessive force case. If the damages were to be returned on the federal claim, then plaintiff's counsel might benefit under the civil rights attorney's fee provisions. The plaintiff benefits from some small additional incentive for his attorney. Whether these considerations justify creating a federal remedy to supplement an adequate state remedy is a question I need not answer. *Albright v. Oliver,* 975 F.2d 343, 347 (7th Cir.1992), *aff'd,* —— U.S. ——, 114 S.Ct. 807, —— L.Ed.2d —— (1994). ("The multiplication of remedies for identical wrongs, while gratifying for plaintiffs and their lawyers, is not always in the best interest of the legal system or the nation.")

The rule in this Circuit is that the simple common law tort of malicious prosecution does not give rise to a federal constitutional wrong remedied by Section 1983, *Friedman v. Village of Skokie,* 763 F.2d 236, 239 (7th Cir.1985). In *Albright v. Oliver,* 975 F.2d 343, 347 (7th Cir.1992), the Court of Appeals noticed that malicious prosecution may be a constitutional violation if the malicious prosecution resulted in "incarceration or other palpable consequences." The Court of Appeals rejected claims by Albright that travel restrictions in the bail order, and the cost of the bond (as well as the attorney fees) were not such palpable consequences.

*Albright* was affirmed by the Supreme Court. Four Justices said that a federal

claim for malicious prosecution could not be found in the concept of substantive due process. Two Justices said that Illinois provided an adequate remedy for malicious prosecution so federal cause of action is precluded by *Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981). One Justice said that where there was no injury distinct from that which ensued from arrest or assertion of custody based on an arrest warrant, no federal cause of action existed for malicious prosecution. Two Justices dissented. What *Albright* left undecided was whether a malicious prosecution claim could be made under the Fourth Amendment. That reservation means nothing in this case because it is a substantive due process claim that is made here, not a Fourth Amendment claim. So we are back, sort of, to the Seventh Circuit law.[1]

Do "incarceration or other palpable consequences" arise out of the malicious prosecution? What plaintiff says happened is this:

> Defendants ... arrested ... plaintiff [without probable cause] for ... offenses which plaintiff had not committed ... detained him in a police vehicle ... took him ... into the woods ... and beat [him] and [ ] took [him] to the police station where he was detained and charges against him were processed.

The only consequences possibly attributable to malicious prosecution are the events at the police station, all else has nothing to do with prosecution of an offense. Arresting someone on a charge is not the same thing as prosecuting someone on a charge under federal or Illinois law. *See Kirby v. Illinois,* 406 U.S. 682, 689–90, 92 S.Ct. 1877, 1882–83, 32 L.Ed.2d 411 (1972); *United States v. Pace,* 833 F.2d 1307, 1312 & n. 3 (9th Cir.1987); *People v. Wilson,* 116 Ill.2d 29, 106 Ill.Dec. 771, 506 N.E.2d 571 (1987). And even the allegation referring to the happening in the police station does not say that anything at all occurred because of the filing of charges. To say Cruz "was detained *and* charges against him were processed" is *not* the same thing as saying he was "detained *because* charges against him were processed." Nonetheless, I assume that he was detained because of the processing of charges. This is not enough. It was not enough in *Albright,* 975 F.2d at 345–347, where the plaintiff was booked, processed and required to post bond and it is not enough here. No pre-trial incarceration, nor loss of employment nor good reputation is alleged here. There are some district court cases in which malicious prosecution claims were permitted to stand because they were inextricably intertwined with the false arrest and excessive force claims. *See Prior v. Cajda,* 662 F.Supp. 1114 (N.D.Ill.1987); *Weber v. Village of Hanover Park,* 768 F.Supp. 630 (N.D.Ill.) But these cases do not survive *Albright v. Oliver,* 975 F.2d at 347, and *Mahoney v. Kesery,* 976 F.2d 1054, 1060 (7th Cir.1992), and their strictures against multiplication of remedies for identical wrongs.

Count III of the Amended Complaint is Dismissed.

---

1. The reason I say "sort of" is that it is unclear whether there still is a rule which allows malicious prosecution claims where there is "incarceration or other palpable consequence." It seems that six of the Justices would never permit such a claim to be brought under substantive due process doctrine. For them, only a Fourth Amendment claim fits here. Only Justice Souter might find a due process violation, but then only where damage occurs "in the interim period after the groundless criminal charges are filed but before any Fourth Amendment seizure." Justice Souter's observation was relevant to the particular facts in *Albright* but of no help to plaintiff here.